THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| XPO, INC., <br><br> Plaintiff, <br><br> v. <br><br> TESS FARNAN and MARK SCHATTEMAN, <br><br> Defendants. | **NOTICE OF REMOVAL** <br> (from Mecklenburg County <br> 25 CVS 2356-590) |

**TO THE HONORABLE JUDGE OF THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NORTH CAROLINA, CHARLOTTE DIVISION**

Pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, Tess Farnan and Mark Schatteman, defendants in the case captioned *XPO, Inc., v. Tess Farnan and Mark Schatteman*, North Carolina General Court of Justice, Superior Court Division, Mecklenburg County, Case No. 25 CVS 2356-590 (the "State Court Action"), hereby removes the State Court Action to the United States District Court for the Western District of North Carolina.

Removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332, in that complete diversity exists between the parties and the amount in controversy exceeds $75,000.00. In support of this Notice of Removal, Defendants show the Court as follows:

**SUMMARY OF THE MATTER BEFORE THE COURT**

1. In summary, the State Court Action is a breach of restrictive covenant case filed by Plaintiff XPO, Inc. ("Plaintiff" or "XPO") against two of its former employees, Defendant Tess Farnan ("Farnan") and Defendant Mark Schatteman ("Schatteman") (collectively, "Defendants"). The Complaint filed by XPO in the State Court Action is attached hereto as **Exhibit 1**. All

pleadings filed to date in the State Court Action are also attached hereto as **Exhibits 2-5**.

2. Farnan and Schatteman are citizens and residents of the State of Missouri. Upon information and belief, XPO is a corporation organized and existing under the laws of the State of Delaware, with its principal office located in Greenwich, Connecticut, and extensive operations in North Carolina. Complaint, ¶ 9.

3. The Complaint alleges that Farnan and Schatteman are now working as Account Executives for Central Transport, a direct competitor of XPO in the less than truckload ("LTL" market and a Competing Business of XPO, as defined in the Confidential Information Protection Agreements entered into by and between Plaintiff and Defendants (the "Agreements"). Complaint, ¶ 38. Capitalized terms not defined herein shall have the meaning ascribed thereto in the Agreements.

4. The Complaint further alleges that Farnan and Schatteman breached the non-solicitation obligations in the Agreements by soliciting certain of XPO's customers with whom Defendants worked during the last year of their employment at XPO. Complaint, ¶¶ 53, 54.

5. Defendants deny all these allegations and intend to put forth defenses against the enforceability of the Agreements.

6. The Complaint includes claims for breach of contract against each of the Defendants. Complaint, ¶¶ 60-65, 66-71.

7. The Complaint includes a Motion for Preliminary Injunction. Complaint, ¶¶ 72-76. The injunctive relief that XPO seeks includes an injunction prohibiting Farnan and Schatteman from: (a) violating their non-competition provisions in the Agreements; (b) soliciting XPO's customers on whose accounts Defendants worked or had regular contact or about whom Defendants had confidential information; and (c) using XPO's Confidential Information.

Complaint, ¶ 74.

8. XPO also seeks compensatory damages and attorneys' fees. Complaint, Prayer for Relief, ¶¶ 2, 3.

9. Counsel for Defendants was engaged by Defendants on January 31, 2025.

10. A hearing on XPO's motion for preliminary injunction is scheduled for 3:00 p.m. on February 5, 2025, in Mecklenburg County Superior Court. Counsel for Defendants has notified counsel for Plaintiff of Defendants' intention to remove this matter to federal court.

## TIMELINESS OF REMOVAL

11. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after January 17, 2025, when Defendants purportedly served a copy of the Summons and Complaint.

## BASIS FOR REMOVAL JURISDICTION

12. Complete diversity exists between the parties in this case. XPO is a citizen of Delaware, while Defendants are citizens of Missouri.

13. The allegations in XPO's Complaint filed in the State Court Action satisfy the $75,000 amount in controversy requirement under 28 U.S.C. § 1332(b). XPO seeks compensatory damages and attorneys' fees, all of which are considered in calculating the amount in controversy for removal purposes, making the amount in controversy in this case more than $75,000. *See Quality Labels, et al. v. Wells Fargo, et al.*, 2019 WL 2992219, *3 (M.D.N.C. 2019) (considering claims for treble damages, attorneys' fees, and punitive damages in calculating the amount in controversy for removal purposes). Specifically, Plaintiff alleges monthly lost business from its purported customers as a result of Defendants' breaches of the Agreements, exceeding $75,000.00.

## VENUE

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for Western District of North Carolina, Charlotte Division, is the federal jurisdiction embracing the North Carolina General Court of Justice, Superior Court Division, Mecklenburg County, where XPO filed the State Court Action. Paragraph 18(b) of the Agreements also contains a Consent to Jurisdiction provision indicating the parties' consent to the jurisdiction of this Court.

## NOTICE TO STATE COURT AND PLAINTIFF

15. Pursuant to 28 U.S.C. § 1446(d), Defendants have filed this Notice with the Court, are serving a copy of this Notice upon counsel for XPO, and are filing a Notice to State Court of Removal to Federal Court with the Clerk of the Superior Court for Mecklenburg County. A copy of the Notice to State Court of Removal to Federal Court (unsigned, without exhibits) is attached hereto as **Exhibit 6**.

WHEREFORE, the case now pending in the North Carolina General Court of Justice, Superior Court Division, Mecklenburg County, under the caption *XPO, Inc. v. Tess Farnan and Mark Schatteman*, Case No. 25-CVS-2356-590 is hereby removed to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted, this the 4th day of February, 2025.

/s/*Marc E. Gustafson*
**BELL, DAVIS & PITT, P.A**.
Marc E. Gustafson, N.C. State Bar No. 34429
227 West Trade Street, Suite 1800
Charlotte, NC 28202
Telephone:  (704) 227-0400
Facsimile:  (704) 227-0178
Email:  mgustafson@belldavispitt.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing in the above-entitled action upon the addressee(s) listed below by:

( )   Hand-delivering a copy thereof to the attorney(s);

Or

( )   Depositing a copy hereof in a postpaid wrapper in a post office or official depository by first class mail under the exclusive care and custody of the United States Post Office Department properly addressed to the addressee(s) below;

Or

(X)   Email.

This the 4th day of February, 2025.

/s/*Marc E. Gustafson*
Marc E. Gustafson

Addressee(s):

Douglas M. Jarrell
Jazzmin M. Romero
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246-1900
djarrell@robinsonbradshaw.com
jromero@robinsonbradshaw.com
*Counsel for Plaintiff*